UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

ANTHONY VIGGIANO,
STEPHEN A. FORLANO,
CHRISTOPHER SALAMONE, and
NATHAN BLECKLEY,

Defendants.

No. 23 Civ. 8542 (MKV)

## CONSENT OF DEFENDANT ANTHONY VIGGIANO

1.     Defendant Anthony Viggiano ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Viggiano*, Crim. No. 23-00497-VEC (S.D.N.Y.), Defendant pleaded guilty to a violation of Sections 10(b) and 32 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78ff], Rules 10b-5, 10b5-a, and 10b5-2, thereunder [17 C.F.R. §§ 240.10b-5, 240.10b5-1, 240.10b5-2], and Title 18, United States Code, Section 2 [18 U.S.C. § 2]. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Viggiano*, Crim. No. 23-00497-VEC (S.D.N.Y.).

endant hereby consents to the entry of the final Judgment in the form attached Judgment") and incorporated by reference herein, which, among other things: permanently restrains and enjoins Defendant from violation of Sections 10(b)

and 14(e) of the Exchange Act [15 U.S.C. §§ 78j(b) and (e)] and Rules 10b-5 and 14e-3 thereunder [17 C.F.R. §§ 240.10b-5 and 240.14e-3]; and

(b) orders Defendant to pay disgorgement in the amount of $35,000, with this amount being deemed satisfied by the order of forfeiture entered in *United States v. Viggiano*, Crim. No. 23-00497-VEC (S.D.N.Y.).

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or

creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates or purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    Defendant agrees to waive all objections, including but not limited to,

constitutional, timeliness, and procedural objections, to the administrative proceeding that will be instituted when the judgment is entered.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 03/20/2025

_____
Anthony Viggiano

On March 20, 2025, Anthony Viggiano, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

K. Camp
_____
Notary Public

Commission expires:

KAITLYN M CAMP
Commission # 50224149
Notary Public, State of New Jersey
My Commission Expires
July 24, 2029

5

Approved as to form:

*Steven Brill*

Steven G. Brill
110 E. 59th Street, Floor 23
New York, New York 10022
212-566-1028

Attorney for Defendant

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

**ADMINISTRATIVE PROCEEDING**
**File No.**

| | | |
|---|---|---|
| | : | |
| **In the Matter of** | : | |
| | : | |
| **Anthony Viggiano, CPA** | : | **OFFER OF SETTLEMENT** |
| | : | **OF ANTHONY VIGGIANO** |
| **Respondent.** | : | |
| | : | |
| | : | |
| _____ | : | |

**I.**

Anthony Viggiano ("Viggiano" or "Respondent"), pursuant to Rule 240(a) of the Rules of Practice of the Securities and Exchange Commission ("Commission") [17 C.F.R. § 201.240(a)] submits this Offer of Settlement ("Offer") in anticipation of public administrative proceedings to be instituted against him by the Commission, pursuant to Rule 102(e)(3) of the Commission's Rules of Practice.[1]

**II.**

This Offer is submitted solely for the purpose of settling these proceedings, with the express understanding that it will not be used in any way in these or any other proceedings, unless the Offer is accepted by the Commission. If the Offer is not accepted by the Commission, the Offer is withdrawn without prejudice to Respondent and shall not become a part of the record in these or any other proceedings, except that rejection of the Offer does not affect the continued validity of the waivers pursuant to Rule 240(c)(5) of the Commission's Rules of Practice [17 C.F.R. § 201.240(c)(5)] with respect to any discussions concerning the rejection of the Offer.

---

[1] Rule 102(e)(3)(i) provides, in relevant part, that:

The Commission, with due regard to the public interest and without preliminary hearing, may, by order, . . . suspend from appearing or practicing before it any . . . accountant . . . who has been by name . . . permanently enjoined by any court of competent jurisdiction, by reason of his or her misconduct in an action brought by the Commission, from violating or aiding and abetting the violation of any provision of the Federal securities laws or of the rules and regulations thereunder.

## III.

On the basis of the foregoing, the Respondent hereby:

A.      Admits the jurisdiction of the Commission over him and over the matters set forth in the Order Instituting Public Administrative Proceedings Pursuant to Rule 102(e) of the Commission's Rules of Practice, Making Findings, and Imposing Remedial Sanctions ("Order"), and the findings contained in paragraph B.4 below;

B.      Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission or in which the Commission is a party, consents to the entry of an Order by the Commission containing the following findings and remedial sanctions set forth below:

1.      Viggiano, age 28, is a resident of Baldwin, New York. Viggiano is a CPA licensed in Florida. From approximately April 2021 to October 2021, Viggiano was employed as a New York City-based analyst with an investment firm (the "Investment Firm"). From February 2022 until July 2023, Viggiano was employed as an analyst and then an associate in the asset and wealth management division of a global investment bank (the "Investment Bank"), where he was assigned to one of its New York City offices. The Investment Bank was and continues to be an investment adviser and registered broker-dealer.

2.      On September 28, 2023, the United States Attorney's Office for the Southern District of New York announced that the indictment had been unsealed in the criminal action United States v. Anthony Viggiano, Criminal Case No. 1:23-CR-497-01 (the "Criminal Action"), which charged Viggiano with securities fraud. On January 11, 2024, Viggiano pled guilty to one count of securities fraud in violation of Title 17 United States Code, Sections 78j(b) and 78ff, 17 Code of Federal Regulations Sections 240.10b-5, 240.10b5-1, and 24.10b5-2, and 18 United States Code Section 2 before the United States District Court for the Southern District of New York, in the Criminal Action. On July 17, 2024, a judgment in the Criminal Action was entered against Viggiano. He was sentenced to a prison term of 28 months followed by three years of supervised release and ordered to forfeit $35,000.

3.      The count of the criminal indictment to which Viggiano pled guilty alleged, inter alia, that Viggiano committed insider trading securities fraud in that he had a duty of trust and confidence that he owed to his employer, he violated that duty by disclosing material nonpublic information to another person that he expected would use the information to trade and did in fact trade securities, and, in providing the information, he expected to receive a personal benefit.

4.      On September 28, 2023, the Commission charged Viggiano with insider trading in the civil action entitled Securities and Exchange Commission v. Anthony Viggiano et al., Civil Action No. 23 Civ. 8542, in the United States District Court for the Southern District of New York (the "Civil Action"). On _____, the

court presiding over the Civil Action entered an order permanently enjoining Viggiano, by consent, from future violations of Sections 10(b) and 14(e) of the Exchange Act, and Rules 10b-5 and 14e-3 thereunder. Viggiano was also ordered to pay $35,000 in disgorgement of ill-gotten gains stemming from his insider trading, which was deemed satisfied by the entry of a forfeiture order against him in the related Criminal Action.

5.      The Commission's complaint in the Civil Action alleged that, in connection with his employment at the Investment Firm and Investment Bank, Viggiano tipped two friends with material nonpublic information about impending mergers and acquisitions and strategic partnerships before they were publicly announced, his friends bought and sold securities on the basis of that material nonpublic information, and he expected to receive a personal benefit.

## IV.

On the basis of the foregoing, Respondent hereby consents to the entry of an Order by the Commission imposing the following remedial sanctions:

A.      Anthony Viggiano is suspended from appearing or practicing before the Commission as an accountant.

B.      After 10 years from the date of the Order, Respondent may request that the Commission consider Respondent's reinstatement by submitting an application to the attention of the Office of the Chief Accountant.

C.      In support of any application for reinstatement to appear and practice before the Commission as a preparer or reviewer, or a person responsible for the preparation or review, of financial statements of a public company to be filed with the Commission, other than as a member of an audit committee, as that term is defined in Section 3(a)(58) of the Exchange Act, Respondent shall submit a written statement attesting to an undertaking to have Respondent's work reviewed by the independent audit committee of any public company for which Respondent works or in some other manner acceptable to the Commission, as long as Respondent practices before the Commission in this capacity and will comply with any Commission or other requirements related to the appearance and practice before the Commission as an accountant.

D.      In support of any application for reinstatement to appear and practice before the Commission as a member of an audit committee, as that term is defined in Section 3(a)(58) of the Securities Exchange Act of 1934 ("Exchange Act"), as a preparer or reviewer, or as a person responsible for the preparation or review, of any public company's financial statements that are filed with the Commission, Respondent shall submit a statement prepared by the audit committee(s) with which Respondent will be associated, including the following information:

1.      A summary of the responsibilities and duties of the specific audit committee(s) with which Respondent will be associated;

2.  A description of Respondent's role on the specific audit committee(s) with which Respondent will be associated;

3.  A description of any policies, procedures, or controls designed to mitigate any potential risk to the Commission by such service;

4.  A description relating to the necessity of Respondent's service on the specific audit committee; and

5.  A statement noting whether Respondent will be able to act unilaterally on behalf of the Audit Committee as a whole.

E.      In support of any application for reinstatement to appear and practice before the Commission as an independent accountant (auditor) before the Commission, Respondent must be associated with a public accounting firm registered with the Public Company Accounting Oversight Board (the "PCAOB") and Respondent shall submit the following additional information:

1.  A statement from the public accounting firm (the "Firm") with which Respondent is associated, stating that the firm is registered with the PCAOB in accordance with the Sarbanes-Oxley Act of 2002;

2.  A statement from the Firm with which the Respondent is associated that the Firm has been inspected by the PCAOB and that the PCAOB did not identify any criticisms of or potential defects in the Firm's quality control system that would indicate that Respondent will not receive appropriate supervision; and

3.  A statement from Respondent indicating that the PCAOB has taken no disciplinary actions against Respondent since seven (7) years prior to the date of the Order other than for the conduct that was the basis for the Order.

F.      If Respondent is licensed as a certified public accountant ("CPA"), then in support of any application for reinstatement, Respondent shall provide documentation showing that Respondent's license is current and that Respondent has resolved all other disciplinary issues with any applicable state boards of accountancy. If Respondent's CPA licensure is dependent upon reinstatement by the Commission, then Respondent shall provide documents reflecting this requirement.  If Respondent has never been licensed as a CPA, then Respondent shall submit a signed affidavit truthfully stating under penalty of perjury that Respondent has never been licensed as a CPA.

G.      In support of any application for reinstatement, Respondent shall also submit a signed affidavit truthfully stating, under penalty of perjury:

4

1.      That Respondent has complied with the Commission suspension Order, and with any related orders and undertakings, including any orders in the Civil Action, the Criminal Action, or any related Commission proceedings, including any orders requiring payment of disgorgement or penalties;

2.      That Respondent undertakes to notify the Office of the Chief Accountant immediately in writing if any information submitted in support of the application for reinstatement becomes materially false or misleading or otherwise changes in any material way while the application is pending;

3.      That Respondent, since the entry of the Order, has not been convicted of a felony or a misdemeanor involving moral turpitude that would constitute a basis for a forthwith suspension from appearing or practicing before the Commission pursuant to Rule 102(e)(2);

4.      That Respondent, since the entry of the Order:

   a.   has not been charged with a felony or a misdemeanor involving moral turpitude as set forth in Rule 102(e)(2) of the Commission's Rules of Practice, except for any charge concerning the conduct that was the basis for the Order;

   b.   has not been found by the Commission or a court of the United States to have committed a violation of the federal securities laws, and has not been enjoined from violating the federal securities laws, except for any finding or injunction concerning the conduct that was the basis for the Order;

   c.   has not been charged by the Commission or the United States with a violation of the federal securities laws, except for any charge concerning the conduct that was the basis for the Order;

   d.   has not been found by a court of the United States (or any agency of the United States) or any state, territory, district, commonwealth, or possession, or any bar thereof to have committed an offense (civil or criminal) involving moral turpitude, except for any finding concerning the conduct that was the basis for the Order; and

   e.   has not been charged by the United States (or any agency of the United States) or any state, territory, district, commonwealth, or possession, civilly or criminally, with having committed an act

5

of moral turpitude, except for any charge concerning the conduct that was the basis for the Order.

5. That Respondent's conduct is not at issue in any pending investigation of the Commission's Division of Enforcement, the PCAOB's Division of Enforcement and Investigations, any criminal law enforcement investigation, or any pending proceeding of a State Board of Accountancy, except to the extent that such conduct concerns that which was the basis for the Order.

6. That Respondent has complied with any and all orders, undertakings, or other remedial, disciplinary, or punitive sanctions resulting from any action taken by any State Board of Accountancy, or other regulatory body.

H. Respondent shall also provide a detailed description of:

1. Respondent's professional history since the imposition of the Order, including

(a) all job titles, responsibilities and role at any employer;

(b) the identification and description of any work performed for entities regulated by the Commission, and the persons to whom Respondent reported for such work; and

2. Respondent's plans for any future appearance or practice before the Commission.

I. The Commission may conduct its own investigation to determine if the foregoing attestations are accurate.

J. If Respondent provides the documentation and attestations required in this Order and the Commission (1) discovers no contrary information therein, and (2) determines that Respondent truthfully and accurately attested to each of the items required in Respondent's affidavit, and the Commission discovers no information, including under Paragraph I, indicating that Respondent has violated a federal securities law, rule or regulation or rule of professional conduct applicable to Respondent since entry of the Order (other than by conduct underlying Respondent's original Rule 102(e) suspension), then, unless the Commission determines that reinstatement would not be in the public interest, the Commission shall reinstate the respondent for cause shown.

K. If Respondent is not able to provide the documentation and truthful and accurate attestations required in this Order or if the Commission has discovered contrary information, including under Paragraph I, the burden shall be on the Respondent to provide an explanation as to the facts and circumstances pertaining to the matter setting forth why

6

Respondent believes cause for reinstatement nonetheless exists and reinstatement would not be contrary to the public interest. The Commission may then, in its discretion, reinstate the Respondent for cause shown.

L.    If the Commission declines to reinstate Respondent pursuant to Paragraphs J and K, it may, at Respondent's request, hold a hearing to determine whether cause has been shown to permit Respondent to resume appearing and practicing before the Commission as an accountant.

## V.

## Waivers

Respondent hereby waives all objections, including but not limited to, constitutional, timeliness, and procedural objections, to the public administrative proceedings that will be instituted pursuant to the Order.

The Respondent is aware that by entering into this settlement agreement the Respondent is consenting to the resolution of this matter in an administrative proceeding and hereby knowingly and voluntarily waives rights the Respondent has or might have if this matter were to be litigated in federal district court, including the right to a trial by jury in a proceeding seeking certain remedies as described in the Supreme Court's decision in *SEC v. Jarkesy*, 2024 WL 3187811 (Jun. 27, 2024), as well as any rights the Respondent has or may have arising from the resolution of the matter in an administrative proceeding.

Consistent with the provisions of 17 C.F.R. § 202.5(f), Respondent waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

Respondent hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Respondent to defend against this action. For these purposes, Respondent agrees that Respondent is not the prevailing party in this action since the parties have reached a good faith settlement.

By submitting this Offer, Respondent hereby waives, subject to the acceptance of the offer, the rights specified in Rule 240(c)(4) [17 C.F.R. § 201.240(c)(4)] of the Commission's Rules of Practice. Specifically, Respondent waives:

(1)    All hearings pursuant to the statutory provisions under which the proceeding is to be or has been instituted;
(2)    The filing of proposed findings of fact and conclusions of law;
(3)    Proceedings before, and an initial decision by, a hearing officer;
(4)    All post-hearing procedures; and

(5)    Judicial Review by any court.

In addition, by submitting this offer, Respondent waives the rights specified in Rule 240(c)(5) [17 C.F.R. § 201.240(c)(5)] of the Commission's Rules of Practice. Specifically, Respondent waives:

(1)    Any and all provisions of the Commission's Rules of Practice or other requirements of law that may be construed to prevent or disqualify any member of the Commission's staff from participating in the preparation of, or advising the Commission as to, any order, opinion, finding of fact, or conclusion of law that may be entered pursuant to this Offer; and

(2)    Any right to claim bias or prejudgment by the Commission based on the consideration of or discussions concerning settlement of all or any part of this proceeding.

Respondent also hereby waives service of the Order.

Respondent understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Respondent's agreement to comply with the terms of Section 202.5(e), Respondent acknowledges the guilty plea for related conduct described in paragraph III.B.2. above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any finding in the Order or creating the impression that the Order is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Respondent does not admit the findings of the Order, or that the Offer contains no admission of the findings; and (iii) upon the filing of this Offer of Settlement, Respondent hereby withdraws any papers previously filed in this proceeding to the extent that they deny, directly or indirectly, any finding in the Order. If Respondent breaches this agreement, the Division of Enforcement may petition the Commission to vacate the Order and restore this proceeding to its active docket. Nothing in this provision affects Respondent's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

## VI.

Respondent understands that by settling to a suspension from appearing or practicing before the Commission with a right to apply for reinstatement, Respondent will be able to make an application for reinstatement after the specified time period. This application, however, does not guarantee reinstatement. Rather, Respondent's application will be subject to the reinstatement process set forth in the Order and the applicable rules and regulations governing the reinstatement process, and Respondent's reinstatement will be subject to the discretion of the Commission.

## VII.

Respondent states that he has read and understands the foregoing Offer, that this Offer is made voluntarily, and that no promises, offers, threats, or inducements of any kind or nature whatsoever have been made by the Commission or any member, officer, employee, agent, or representative of the Commission in consideration of this Offer or otherwise to induce him to submit to this Offer.

20 Day of MARCH 2025

_____
Anthony Viggiano

STATE OF _____ }
                           } SS:
COUNTY OF _____ }

The foregoing instrument was acknowledged before me this 20 day of March 2025 by ANTHONY VIGGIANO, who ✓ is personally known to me or ___ who has produced a _____ driver's license as identification and who did take an oath.

K. Camp
Notary Public
State of New Jersey
Commission Number        :
Commission Expiration    :

KAITLYN M CAMP
Commission # 50224149
Notary Public, State of New Jersey
My Commission Expires
July 24, 2029

9

**UNITED STATES OF AMERICA**
**Before the**
**SECURITIES AND EXCHANGE COMMISSION**

**ADMINISTRATIVE PROCEEDING**
**File No.**

| | | |
|---|---|---|
| **In the Matter of** | : | |
| | : | |
| **Anthony Viggiano, CPA** | : | **OFFER OF SETTLEMENT** |
| | : | **OF ANTHONY VIGGIANO** |
| **Respondent.** | : | |
| | : | |
| | : | |

**I.**

Anthony Viggiano ("Viggiano" or "Respondent"), pursuant to Rule 240(a) of the Rules of Practice of the Securities and Exchange Commission ("Commission") [17 C.F.R. § 201.240(a)] submits this Offer of Settlement ("Offer") in anticipation of public administrative proceedings to be instituted against him by the Commission, pursuant to Section 15(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Section 203(f) of the Investment Advisers Act of 1940 ("Advisers Act").

**II.**

This Offer is submitted solely for the purpose of settling these proceedings, with the express understanding that it will not be used in any way in these or any other proceedings, unless the Offer is accepted by the Commission. If the Offer is not accepted by the Commission, the Offer is withdrawn without prejudice to Respondent and shall not become a part of the record in these or any other proceedings, except that rejection of the Offer does not affect the continued validity of the waivers pursuant to Rule 240(c)(5) of the Commission's Rules of Practice [17 C.F.R. § 201.240(c)(5)] with respect to any discussions concerning the rejection of the Offer.

**III.**

On the basis of the foregoing, the Respondent hereby:

A.    Admits the jurisdiction of the Commission over him and over the matters set forth in the Order Instituting Administrative Proceedings Pursuant to Section 15(b) of the Securities Exchange Act of 1934 and Section 203(f) of the Investment Advisers Act of 1940, Making Findings, and Imposing Remedial Sanctions ("Order"), and the findings contained in paragraphs III.B.2 and 4 below:

B.      Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission or in which the Commission is a party, consents to the entry of an Order by the Commission containing the following findings and remedial sanctions set forth below:

1.      Viggiano, age 28, is a resident of Baldwin, New York. Viggiano is a CPA licensed in Florida. From approximately April 2021 to October 2021, Viggiano was employed as a New York City-based analyst with an investment firm (the "Investment Firm"). From February 2022 until July 2023, Viggiano was employed as an analyst and then an associate in the asset and wealth management division of a global investment bank (the "Investment Bank"), where he was assigned to one of its New York City offices. The Investment Bank was and continues to be an investment adviser and registered broker-dealer.

2.      On September 28, 2023, the United States Attorney's Office for the Southern District of New York announced that the indictment had been unsealed in the criminal action United States v. Anthony Viggiano, Criminal Case No. 1:23-CR-497-01 (the "Criminal Action"), which charged Viggiano with securities fraud. On January 11, 2024, Viggiano pled guilty to one count of securities fraud in violation of Title 17 United States Code, Sections 78j(b) and 78ff, 17 Code of Federal Regulations Sections 240.10b-5, 240.10b5-1, and 24.10b5-2, and 18 United States Code Section 2 before the United States District Court for the Southern District of New York in the Criminal Action. On July 17, 2024, a judgment in the Criminal Action was entered against Viggiano. He was sentenced to a prison term of 28 months followed by three years of supervised release and ordered to forfeit $35,000.

3.      The count of the criminal indictment to which Viggiano pled guilty alleged, inter alia, that Viggiano committed insider trading securities fraud in that he had a duty of trust and confidence that he owed to his employer, he violated that duty by disclosing material nonpublic information to another person that he expected would use the information to trade and did in fact trade securities, and, in providing the information, he expected to receive a personal benefit.

4.      On September 28, 2023, the Commission charged Viggiano with insider trading in the civil action entitled Securities and Exchange Commission v. Anthony Viggiano et al., Civil Action No. 23 Civ. 8542, in the United States District Court for the Southern District of New York (the "Civil Action"). On _____, the court presiding over the Civil Action entered an order permanently enjoining Viggiano, by consent, from future violations of Sections 10(b) and 14(e) of the Exchange Act and Rules 10b-5 and 14e-3 thereunder. Viggiano was also ordered to pay $35,000 in disgorgement of ill-gotten gains stemming from his insider trading, which was deemed satisfied by the entry of a forfeiture order against him in the related Criminal Action.

5.      The Commission's complaint in the Civil Action alleged that, in connection with his employment at the Investment Firm and Investment Bank, Viggiano tipped two friends with material nonpublic information about impending mergers and acquisitions and strategic partnerships before they were publicly announced, his friends bought and sold securities on the basis of that material nonpublic information, and he expected to receive a personal benefit.

## IV.

On the basis of the foregoing, Respondent hereby consents to the entry of an Order by the Commission imposing the following remedial sanctions:

Pursuant to Section 15(b)(6) of the Exchange Act and Section 203(f) of the Advisers Act, Respondent Viggiano be, and hereby is:

barred from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization; and

barred from participating in any offering of a penny stock, including: acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock;

with the right to apply for reentry after 10 years.

Any application for reentry by the Respondent will be made to the appropriate self-regulatory organization, or if there is none, to the Commission by contacting the Division of Enforcement's Office of Chief Counsel at ENF-Reentry@sec.gov, and will be subject to the applicable laws and regulations governing the reentry process. Reentry may be conditioned upon a number of factors, including, but not limited to, compliance with the Commission's order and payment of any or all of the following:  (a) any disgorgement or civil penalties ordered by a Court against the Respondent in any action brought by the Commission; (b) any disgorgement amounts ordered against the Respondent for which the Commission waived payment; (c) any arbitration award related to the conduct that served as the basis for the Commission order; (d) any self-regulatory organization arbitration award to a customer, whether or not related to the conduct that served as the basis for the Commission order; and (e) any restitution order by a self-regulatory organization, whether or not related to the conduct that served as the basis for the Commission order

## V.

## Waivers

Respondent hereby waives all objections, including but not limited to, constitutional, timeliness, and procedural objections, to the public administrative proceedings that will be instituted pursuant to the Order.

The Respondent is aware that by entering into this settlement agreement the Respondent is consenting to the resolution of this matter in an administrative proceeding and hereby knowingly and voluntarily waives rights the Respondent has or might have if this matter were to be litigated in federal district court, including the right to a trial by jury in a proceeding seeking certain remedies as described in the Supreme Court's decision in *SEC v. Jarkesy*, 2024 WL

3

3187811 (Jun. 27, 2024), as well as any rights the Respondent has or may have arising from the resolution of the matter in an administrative proceeding.

Consistent with the provisions of 17 C.F.R. § 202.5(f), Respondent waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

Respondent hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Respondent to defend against this action. For these purposes, Respondent agrees that Respondent is not the prevailing party in this action since the parties have reached a good faith settlement.

By submitting this Offer, Respondent hereby waives, subject to the acceptance of the offer, the rights specified in Rule 240(c)(4) [17 C.F.R. §201.240(c)(4)] of the Commission's Rules of Practice. Specifically, Respondent waives:

(1)    All hearings pursuant to the statutory provisions under which the proceeding is to be or has been instituted;
(2)    The filing of proposed findings of fact and conclusions of law;
(3)    Proceedings before, and an initial decision by, a hearing officer;
(4)    All post-hearing procedures; and
(5)    Judicial Review by any court.

In addition, by submitting this offer, Respondent waives the rights specified in Rule 240(c)(5) [17 C.F.R. § 201.240(c)(5)] of the Commission's Rules of Practice. Specifically, Respondent waives:

(1)    Any and all provisions of the Commission's Rules of Practice or other requirements of law that may be construed to prevent or disqualify any member of the Commission's staff from participating in the preparation of, or advising the Commission as to, any order, opinion, finding of fact, or conclusion of law that may be entered pursuant to this Offer; and

(2)    Any right to claim bias or prejudgment by the Commission based on the consideration of or discussions concerning settlement of all or any part of this proceeding.

Respondent also hereby waives service of the Order.

Respondent understands and agrees to comply with the terms of 17 C.F.R § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Respondent's agreement to

4

comply with the terms of Section 202.5(e), Respondent acknowledges the guilty plea for related conduct described in paragraph III.B.2. above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any finding in the Order or creating the impression that the Order is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Respondent does not admit the findings of the Order, or that the Offer contains no admission of the findings; and (iii) upon the filing of this Offer of Settlement, Respondent hereby withdraws any papers previously filed in this proceeding to the extent that they deny, directly or indirectly, any finding in the Order. If Respondent breaches this agreement, the Division of Enforcement may petition the Commission to vacate the Order and restore this proceeding to its active docket. Nothing in this provision affects Respondent's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

## VI.

Respondent understands that by settling to a bar with the right to reapply as specified in the Commission's Order, Respondent will be able to make an application to reapply after the specified time period. This application, however, does not guarantee reentry. Rather, Respondent's application will be subject to the applicable laws and regulations governing the reentry process and Respondent's reentry will be subject to the discretion of the Commission. An application made to a self-regulatory organization will be reviewed by the self-regulatory organization and the Commission pursuant to Rule 19h-1 [17 C.F.R. 240.19h.1] and applicable rules of the self-regulatory organization. An application made directly to the Commission will be reviewed under the processes specified in Rule 193 of the Commission's Rules of Practice [17 C.F.R. 201.193] or other applicable provisions. To the extent a state licensing authority may require reapplication for a state license, state law may apply.

## VII.

Respondent states that he has read and understands the foregoing Offer, that this Offer is made voluntarily, and that no promises, offers, threats, or inducements of any kind or nature whatsoever have been made by the Commission or any member, officer, employee, agent, or representative of the Commission in consideration of this Offer or otherwise to induce him to submit to this Offer.

20 Day of MARCH 2025

_____
Anthony Viggiano

**STATE OF** New Jersey }
} SS:
**COUNTY OF** Cumberland }

The foregoing instrument was acknowledged before me this 20 day of March, 2025 by ANTHONY VIGGIANO, who ✓ is personally known to me or ___ who has produced a _____ driver's license as identification and who did take an oath.

K. Camp
_____
Notary Public
State of New Jersey
Commission Number        :
Commission Expiration     :

> KAITLYN M CAMP
> Commission # 50224149
> Notary Public, State of New Jersey
> My Commission Expires
> July 24, 2029

6